Joseph Baker v. Commissioner.
Baker v. Commissioner
Docket No. 49055.
United States Tax Court
T.C. Memo 1955-181; 1955 Tax Ct. Memo LEXIS 153; 14 T.C.M. (CCH) 700; T.C.M. (RIA) 55181; June 30, 1955
*153 Upon the evidence, held, that petitioner realized unreported income in 1947 and 1948 in amounts determined by respondent, and that at least part of each deficiency is due to fraud under section 293(b), 1939 Code. Joseph F. Rogers, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined deficiencies in income tax for 1947 and 1948, to which he made 50 per cent additions for fraud under section 293(b) of the 1939 Code, as follows: Year
Deficiency
Sec. 293(b)
1947
$2,426.37
$1,213.19
1948
2,463.35
1,231.68
The only question to be decided is whether all or part of the deficiency for each year is due to fraud with intent to evade tax. Findings of Fact Petitioner resided in New York, New York, during the taxable years. He filed income tax returns for 1947 and 1948 with the collector for the third district of New York. In his return for 1947, petitioner reported gross receipts, and expenses, and net income in the amounts of $3,000, $700, and $2,300, respectively. He described his expenses as telephone and traveling expenses. In his return for 1948, petitioner reported *154 gross receipts, expenses, and net income in the amounts of $3,000, $800, and $2,200, respectively. He described his expenses as telephone and traveling expenses. The Commissioner determined that petitioner's total taxable net income for 1947 and 1948, including the amounts which the petitioner reported in his returns, amounted to $11,104.89, and $11,769.71, respectively. He determined that petitioner realized income in 1947 and 1948 in the amounts of $9,304.89 and $10,569.71, respectively, after allowing petitioner the standard deductions of $500 in 1947, and $1,000 in 1948, in excess of the amounts which he reported in his returns. The deficiencies in income tax resulted from these determinations. The petitioner resided in a hotel in New York City during 1947 and 1948. He paid rent to the hotel during 1947 and 1948 in the amounts of $2,500 and $3,000, respectively. Petitioner's cash expenditures during 1947 and 1948 for hotel rent, telephone, laundry, drug store purchases, restaurant charges, and miscellaneous charges as shown by the records of the hotel amounted to $2,864.64, and $3,278.10, respectively. Petitioner expended cash, in addition to the above, for taxes, in 1947 *155 and 1948 in the amounts of $174 and $138, respectively. He made other cash expenditures for traveling expenses in 1947 and 1948 in the amounts of $141.25 and $1,028.61, respectively. The following schedule gives a tabulation of the above cash expenditures of petitioner in each of the taxable years: Cash Expenditures
1947
1948
1. Hotel rent and other
hotel bill charges
$2,864.64
$3,278.10
2. Taxes
174.00
138.00
3. Travel expenses
141.25
1,028.61
$3,179.89
$4,444.71
The Commissioner, in determining that petitioner realized taxable income in excess of the amounts which he reported in his returns for 1947 and 1948, made estimates of the total amount expended in each year for food, clothing, traveling, entertainment, and other general expenses. He estimated that petitioner expended for such purposes $9,125 in 1947, and $9,125 in 1948. During 1948, petitioner cashed checks at the hotel where he resided, made by others and endorsed by him, in the total amount of $3,987.59. The check register of the hotel where petitioner resided contained a record of the checks, the names of the makers, and the amounts of the checks. The petitioner did not have any *156 bank account during the taxable years. He did not receive any gifts or inheritance of money during the taxable years. Petitioner gave sworn testimony to two special agents of the Intelligence Unit of the Internal Revenue Service. He testified that during the taxable years he went to race tracks and placed bets for others as a "Commissioner." He admitted that some of his income came from such activities. Petitioner did not maintain or keep any records of his income or of his expenses during 1947 and 1948. He did not make available to the agents of the Commissioner any evidence to substantiate the amounts which he deducted in his returns for 1947 and 1948 as business expenses. Petitioner made a trip to Florida during 1948. In connection with the trip he expended cash for transportation and hotel accommodations. Part of the deficiency for 1947 and 1948, at least, is due to fraud with intent to evade tax. Opinion The Commissioner's determinations of the deficiencies in income tax are prima facie correct. Petitioner had the burden of proving error in the Commissioner's determination of the amount of his total taxable net income for each of the taxable years. This burden of *157 proof rested on the petitioner even though the Commissioner had the burden of proving that all or part of each tax deficiency was due to fraud with intent to evade tax under section 293(b) of the 1939 Code. Max Cohen, 9 T.C. 1156, 1163, affd. . See, also, ; and . The petitioner failed to appear at the trial of this case. Counsel for petitioner, before the time fixed for trial, entered his appearance. Petitioner's counsel did not appear at the trial. No evidence was offered by or for petitioner. With respect to the Commissioner's determinations of the amounts of petitioner's taxable net income for each of the taxable years, and of the deficiencies in tax, there is failure of proof on the part of the petitioner. Therefore, the deficiencies in tax determined by the respondent are sustained. The only question to be decided is whether at least part of the deficiency in each year is due to fraud with intent to evade tax. Under this issue, the respondent has the burden of proof, and the evidence necessary to establish fraud must be clear and convincing. *158 . We think the respondent has discharged his burden of establishing fraud. The petitioner reported gross income of $3,000 in each of the taxable years. The evidence shows that his known cash expenditures in each of the taxable years exceeded his reported gross income. In 1947, for example, his cash expenditures at his New York hotel and for taxes and transportation exceeded $3,179.89. This amount included, at most, only $71.43 for food, and no amounts for clothing, entertainment, expenses at the places to which he traveled, or sundry expenses. In 1948, the rent paid by petitioner at his New York hotel, $3,000, alone equalled his reported gross income. His other known expenditures of $1,444.71 do not include more than $45.85 for food, or any amount for clothing, entertainment, or sundry expenses. We are satisfied from the entire record that petitioner enjoyed a high standard of living during the taxable years, and that he made cash expenditures of at least $12,304.89 in 1947 and $13,569.71 in 1948. In the absence of any credible evidence that petitioner possessed any savings, or received loans, gifts, or bequests, these cash expenditures in *159 amounts so greatly in excess of his reported income are persuasive evidence that the petitioner wilfully, deliberately, and fraudulently concealed and failed to report his true taxable net income in each of the taxable years. The petitioner's expenditures for hotel rent alone in each of the taxable years exceeded the taxable net income he reported. Because of this, and his other expenditures, we do not believe that he was unaware of the true extent of his income or of the disparity between his actual income and his reported income. In 1947, petitioner realized taxable net income of at least $11,104.89, whereas he reported taxable income of $2,300; in 1948, he realized taxable net income of at least $11,769.71 whereas he reported taxable income of $2,200. In the absence of any satisfactory explanation, the petitioner's failure to report such substantial amounts of income constitutes sufficient evidence of an intent to defraud to sustain the 50 per cent penalties under section 293(b) of the 1939 ; ; Louis Halle; , affd. ; certiorari denied, ; *160 , affirming ; ; . The respondent, at the trial of this proceeding, endeavored to establish that the petitioner had been convicted of various crimes not connected in any way with his taxes. While evidence of conviction for crime may raise suspicions concerning the petitioner, fraud is not proved by suspicion. . See, also, . Accordingly, no weight has been given to the evidence introduced by respondent concerning the petitioner's criminal record. However, on the basis of the entire record other than this evidence, we think the respondent has established that at least part of the deficiency in each of the years was due to fraud with intent to evade tax. The respondent's determination of penalties under section 293(b) is sustained. Decision will be entered for the respondent.